IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT JOSEPH FIORE, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV271 |
| | ) | |
| SARA BENFIELD, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

MEMORANDUM OPINION, ORDER,
AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Robert Joseph Fiore, II, submitted a pro se Complaint [Doc. #2] under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names the Rowan County Sheriff's Department and four of its officers as Defendants. (Complaint, § IV(B).) The Complaint alleges that the officers investigated an allegation that Plaintiff sexually assaulted a child before obtaining arrest warrants for first-degree sex offense with a child and indecent liberties with a child and arresting Plaintiff on those charges. (Id., § V; Exs.) Plaintiff makes several arguments contesting the evidence gathered by the officers and claims that the warrants and his arrest were improper in light of the evidence. He raises claims for false arrest, false imprisonment, fabrication of evidence, and kidnaping and seeks the dismissal of the charges against him, an investigation of the officers, sanctions, and compensatory and punitive damages. (Id., § V-VI; Affidavit of Facts.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" his new claims. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative defenses that clearly appear on the face of

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

The Court initially notes that some of Plaintiff's requests for relief are improper. He seeks the dismissal of his state court criminal charges and his release from custody, but § 1983 is not the proper vehicle for attacking pending criminal charges in state court. Instead, Plaintiff would have to proceed, if at all, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. However, Plaintiff should be aware that it is not ordinarily proper for this Court to intervene in ongoing state criminal proceedings. Such intervention could only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996). Plaintiff does not make such a showing here. Instead, he raises the types of issues that typically can be raised during a state criminal proceeding. Unless Plaintiff can meet the requirements set out above, he should litigate the issues he raises in his state court criminal case.

Plaintiff also seeks an investigation of the Defendants and "sanctions" in addition to damages. However, the Court does not conduct investigations, and investigations are not an obtainable form of relief in a civil lawsuit. Likewise, sanctions beyond damages are not an appropriate form of relief. Plaintiff's only potentially proper request for relief is his request for damages.

As for Plaintiff's causes of action, he explicitly states that he intends to raise claims for false arrest, false imprisonment, kidnaping, and fabrication of evidence. Kidnaping is a crime, not a tort claim, and Plaintiff cannot bring criminal charges through a § 1983 action. However, claims of false arrest and imprisonment constitute common law torts, the elements of which are used to define a claim under § 1983 based on the Fourth Amendment to the United States Constitution. Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000). Nevertheless, the facts Plaintiff alleges do not support such claims. "In Brooks v. City of Winston–Salem, 85 F.3d 178 (4th Cir.1996), [the United States Court of Appeals for the Fourth Circuit] held that a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant. At most, such an official can be pursued through a cause of action for malicious prosecution." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). Here, the Complaint makes it clear that Plaintiff's arrest occurred pursuant to warrants for first-degree sex offense with a child and indecent liberties with a child. In fact, Plaintiff attaches copies of those warrants. Therefore, his claim must be one for malicious prosecution, rather than false arrest or imprisonment. A malicious prosecution claim requires that a plaintiff "allege and prove a termination of the criminal proceedings favorable to [the plaintiff]." Brooks, 85 F.3d at 183. Plaintiff does not allege any favorable termination of the charges against him and, in fact, seeks dismissal of the still-pending charges as relief. Plaintiff thus does not state any claim for malicious prosecution.

Construing Plaintiff's claims in the light most favorable to him, he may also be alleging that the warrants for his arrest were not facially valid or that officers did not use

4

good faith or believe when procuring the warrant that probable cause existed to charge Plaintiff with first-degree sex offense with a child and indecent liberties with a child. If so, this attempt to state a claim is foreclosed by Plaintiff's own exhibits.

"Probable cause to justify an arrest arises when 'facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Porterfield, 156 F.3d at 569 (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)). Probable cause "'is an objective standard of probability that reasonable and prudent persons apply in everyday life" and that "requires more than 'bare suspicion' but requires less than evidence necessary to convict." Id. (quoting United States v. Gray, 137 F.3d 765, 769 (4th Cir.1998)).

Plaintiff attaches as exhibits to the Complaint a typed and a hand-written version of a statement by the alleged victim in the case, who was ten years old at the time of the alleged crimes. She very clearly sets out the alleged criminal conduct. Plaintiff questions the statement and points to a lack of supporting physical evidence. However, even without physical evidence, Defendants had probable cause to seek Plaintiff's arrest based on the victim's statement. Plaintiff's issues regarding the strength of the evidence and the alleged lack of any physical evidence are all points that can be pursued during Plaintiff's criminal defense in state court. However, they do not negate the existence of probable cause. Thus, Plaintiff does not state any claim for relief based on false arrest, false imprisonment, or malicious prosecution.

Finally, Plaintiff alleges fabrication of evidence by pointing to the handwritten version of the victim's statement, which appears to be in the form of notes made by Defendant Benfield. However, Plaintiff's contentions are entirely conclusory, and Plaintiff provides absolutely no basis for his contentions as to what the alleged victim did or did not tell Defendant Benfield or what Defendant Benfield recorded at the time. Thus, Plaintiff provides no facts to support his conclusion that the statement was fabricated by Benfield. The claim fails and the Complaint should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be granted, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation. Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $20.00. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $20.00.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of October 2015, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS RECOMMENDED that the Complaint [Doc. #2] be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

This, the 16th day of September, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge